IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | | |
|---|---|---|
| **PAMELA J. JERONCIC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO. 5:05-0282** |
| | ) | |
| **JO ANNE B. BARNHART,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

This is an action seeking review of the decision of the Commissioner of Social Security finding that Claimant's spouse's educational bonus and cost of living adjustments were counted as earned income for purposes of calculating Claimant's Supplemental Security Income (SSI) payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. This case is presently pending before the Court on the parties' Cross-Motions for Judgment on the Pleadings. (Doc. Nos. 17-18.) Both parties have consented in writing to a decision by the United States Magistrate Judge.

The Plaintiff, Pamela J. Jeroncic (hereinafter referred to as "Claimant"), filed an Application for SSI and was awarded benefits with a finding of disability commencing on August 1, 1988. (Tr. at 22.) On December 30, 2002, Claimant completed a "Statement for Determining Continuing Eligibility for Supplemental Security Income Payments," in which she updated the financial information concerning her and her spouse. (Tr. at 22-30.) On January 7, 2003, the Social Security Administration (hereinafter referred to as "the Agency"), issued its "Notice of Planned Action," which changed her monthly SSI payments for both past and future payments beginning February 1,

2003. (Tr. at 32-33.) The Notice stated that the changes were based on her spouse's wages from January 2002, through November 2002. (Tr. at 34.) On January 17, 2003, Claimant submitted a "Request for Reconsideration"of the Agency's decision. (Tr. at 67-70.) Claimant argued that the Agency improperly considered her spouse's cost of living increases and amounts received for "college hours" ("educational bonus"), in computing her monthly SSI amount. (Id.)

The Agency issued a "Notice of Overpayment" on January 29, 2003, stating that due to an increase in her spouse's wages, of which the Agency was unaware, from March 2002, through January 2003, Claimant was overpaid $359.02. (Tr. at 47.) The Notice included a detailed explanation outlining how the Agency calculated the overpayment. (Tr. at 57-60.) The Notice advised Claimant that she could request a waiver of the overpayment, appeal the decision, or do both. (Tr. at 47.) The Notice explained that the overpayment could be waived if the overpayment was not Claimant's fault or if repayment would create a financial hardship on Claimant. (Tr. at 49-50.)

On January 31, 2003, Lee Smith, a Management Support Specialist, contacted Claimant concerning her Request for Reconsideration. (Tr. at 73.) At Claimant's request, Mr. Smith spoke with Claimant's spouse and explained that because his employer included the amount indicated on his pay stub as "college hours" as part of his wages and taxed it as wages, the Agency considered the amount as earned income. (Id.) He also explained to Mr. Jeroncic that the Agency considers any increase in his wages, including cost of living adjustments, in computing Claimant's SSI payment. (Id.) Mr. Smith advised Mr. Jeroncic that the overpayment resulted from Claimant's failure to submit his pay stubs beginning in early 2002. (Id.)

Claimant submitted on April 23, 2003, a "Request for Waiver of Overpayment." (Doc. No. 89-96.) In a letter attached to the Request, Mr. Jeroncic conceded that he failed to provide the Agency with copies of his pay stubs each month but that his omission was not an attempt to deceive, mislead, or falsify, in an attempt to receive for his wife, a larger benefit amount. (Tr. at 83-84.) On July 7, 2003, the Agency granted Claimant's Request for Waiver of the $359.02 overpayment. (Tr. at 89, 149-50.)

On May 30, 2003, Mr. Jeroncic, acting on Claimant's behalf, met with Mr. Smith to consider Claimant's Request for Reconsideration, filed in January 2003.[1] (Tr. at 97-99.) With respect to Mr. Jeroncic's "college hours," listed on a particular pay stub in the amount of $27.50, Mr. Smith explained that his employer included the amount in his total pay and withheld taxes from that amount. (Tr. at 99.) Mr. Jeroncic submitted a West Virginia Legislative Update which likewise lists the educational bonus for service personnel as a salary increase. (Id.) Thus, Mr. Smith advised that the college hours were considered earned income. (Id.) Concerning the cost of living adjustments, Mr. Jeroncic argued that Claimant never realized the increase because her SSI payment was reduced whenever he received the adjustment. (Id.) Mr. Smith explained that SSI is a public assistance program and therefore correlates with the family income; Claimant's SSI payment will decrease with an increase in her spouse's income. (Id.) On July 10, 2003, the Agency issued a "Notice of Reconsideration" upholding its initial decision. (Tr. at 100-01.)

On August 22, 2003, Claimant requested a hearing before an Administrative Law Judge (ALJ). (Tr. at 103.) The hearing was held on August 31, 2004, before the Honorable Thomas R.

---

[1] Claimant was unable to attend the meeting because she was hospitalized. (Tr. at 98.) However, she signed a statement allowing Mr. Jeroncic to attend the meeting on her behalf. (*Id.*)

King. (Tr. at 220-63.) By decision dated October 5, 2004, the ALJ determined that Mr. Jeroncic's educational bonus was not earned income pursuant to 20 C.F.R. § 416.1124(c)(3) (2004), because it fell within the exemption for grants, scholarships, or fellowships used to pay tuition, fees, or other necessary educational expenses. (Tr. at 16.) With respect to Mr. Jeroncic's cost of living increases, the ALJ determined that Claimant had received a $359.02 overpayment, that she and Mr. Jeroncic were at fault in failing to provide information concerning the adjustments, and that Claimant was not entitled to benefits. (Tr. at 16.) The ALJ noted however, that the overpayment was waived by the Agency on July 7, 2003. (Tr. at 17.)

Claimant filed a request for review by the Appeals Council of the ALJ's decision on October 22, 2004. (Tr. at 163-64.) On December 1, 2004, the Appeals Council granted Claimant's request, finding that the ALJ erred in determining that Mr. Jeroncic's educational bonus was not earned income. (Tr. at 157-58.) The Appeals Council explained that Mr. Jeroncic's educational bonus was included as part of his salary and that there was no evidence of record suggesting that the bonus was in the form of a grant, scholarship, or fellowship. (Tr. at 158.) The Appeals Council further explained that it intended to adopt the ALJ's findings with respect to the overpayment. (Tr. at 157.) Claimant was advised that if she had more information, she could send it to the Appeals Council within thirty days from the date of the decision, which she submitted on December 8, 2004. (Tr. at 158, 168-219.)

By decision dated February 10, 2005, the Appeals Council adopted the ALJ's finding that Claimant incurred an overpayment for the period of March 2002, through January 2003, and that she was not without fault in causing the overpayment because Mr. Jeroncic acknowledged that he and Claimant failed to send in copies of his earnings each month. (Tr. at 7-9.) The Appeals Council

further found however, that the ALJ erred in regarding Mr. Jeroncic's educational bonus as unearned income because his pay stubs indicated that he received the bonus as part of his salary and there was "no evidence in the record that the bonus was other than wages." (Tr. at 8.) The Appeals Council noted that the West Virginia legislative update submitted by Claimant lists the educational bonus as a salary increase. (Id.) Finally, the Appeals Council found that Claimant received annual cost of living increases each January in her SSI payment and that Mr. Jeroncic likewise, received the annual increase in his wages. (Id.) Mr. Jeroncic's increase was properly considered earned income which reduced her benefit rate. (Id.) The Appeals Council decision became the final decision of the Commissioner pursuant to 20 C.F.R. § 416.1481.

Scope of Review

The issue before this Court is whether the final decision of the Commissioner is supported by substantial evidence. In Blalock v. Richardson, substantial evidence was defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the Court, is charged with resolving conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the Courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is supported by substantial evidence.

Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the Commissioner's decision is not supported by substantial evidence because (1) the Appeals Council erred in finding that Mr. Jeroncic's educational bonus and cost of living increase was earned income for purposes of computing Claimant's monthly SSI payment and (2) the Appeals Council erred in finding that Claimant was at fault in causing the $359.02 overpayment by not reporting her spouse's salary increases. The Commissioner asserts that these arguments are without merit and that the decision is supported by substantial evidence.

1. Educational Bonus.

Claimant argues that her spouse's educational bonus should not be counted as earned income for purposes of calculating her monthly benefit amount. (Pl.'s Br. at 8-10.) The Commissioner asserts that because Mr. Jeroncic's employer considered his educational bonus as wages and withheld taxes from the amount, the Appeals Council properly counted the bonus as earned income. (Def.'s Br. at 7-9.)

The SSI program, authorized by Title XVI of the Social Security Act, provides benefits to the aged, blind, or disabled who meet certain statutory income and resource limitations. 42 U.S.C. §§ 1381-1383f; 20 C.F.R. §§ 416.101, 416.1100 (2004). The basic purpose underlying the SSI program is to provide these persons "sufficient income and resources to maintain a standard of living at the established Federal minimum income level." 20 C.F.R. § 416.110 (2004). The amount of income a claimant has is "a major factor" in determining SSI eligibility and benefit amount. Id. "Generally, the more income you have the less your benefit will be. If you have too much income, you are not eligible for a benefit." Id. In determining eligibility and payment amount, the Agency

considers the income of the claimant's ineligible spouse and deems it together with the claimant's income. 20 C.F.R. §§ 416.1163(a)(1), 416.1163(d)-(e) (2004).

The Regulations define earned income as including wages, which is what a claimant receives "for working as someone else's employee." 20 C.F.R. § 416.1110(a) (2004). Specifically, wages include "salaries, commissions, bonuses, severance pay, and any other special payments received because of [claimant's] employment." Id. In the instant case, Mr. Jeroncic's employer listed an educational bonus, identified on the pay stub as "60 college hours," as part of his total pay. (Tr. at 8, 79-80, 203.) His employer also withheld taxes from the educational bonus. (Id.) At the administrative hearing, Mr. Jeroncic testified that the educational bonus was "what my employer is giving me each month because I have college hours." (Tr. at 236.) As the Commissioner asserts, it appears that Claimant "was receiving additional monies in his wages for the mere fact that he already accumulated sixty college hours." (Def.'s Br. at 8.) There is no evidence of record that these monies were not included as wages by Mr. Jeroncic's employer. In fact, the West Virginia Legislative Update submitted by Mr. Jeroncic to the Appeals Council, demonstrates that service personnel, as was he, receive an educational bonus based on their educational level.[2] (Tr. at 171.)

---

[2] The Legislative Update submitted by Mr. Jeroncic provides as follows:

HB 102: Salary Increases

* * *

Service Personnel:

* * *

Extension of the $10/month educational bonus to those with 84, 96, 108, and 120 hours of college credit or equivalent training in a trade or vocational school. Additional $10/month for bachelor's degree[;] Additional $10/month for master's degree.

(Tr. at 171.)

Accordingly, the Court finds that substantial evidence supports the decision of the Appeals Council that Mr. Jeroncic's educational bonus was earned income, which was deemed Claimant's income for purposes of calculating her monthly SSI payment.

The Court further finds that substantial evidence supports the Appeals Council's decision that the educational bonus was not exempted pursuant to 20 C.F.R. § 416.1124(c)(3). Section 416.1124(c)(3) provides that the Agency does not count as unearned income[3] "[a]ny portion of a grant, scholarship, or fellowship used for paying tuition, fees, or other necessary educational expenses." 20 C.F.R. § 416.1124(c)(3) (2004). As stated above, the educational bonus Mr. Jeroncic received was for college hours he had already accumulated; there is no evidence of record that his employer intended that the money be used for educational expenses. (Tr. at 236.) Although Mr. Jeroncic submitted documents evidencing that he received Federal Pell Grants in June 2003, and September 2004, these amounts were not considered by the Agency or the Appeals Council in their determinations. (Tr. at 175-76.) The Court notes that the pay stubs submitted by Claimant were dated prior to the award of the Pell Grants, and therefore, the 2003 and 2004 Pell Grants could not have been the amounts to which the Agency and Appeals Council referred. (Tr. at 79-80, 203.) Based on the foregoing, the Court finds that the Appeals Council's decision to count Mr. Jeroncic's educational bonus as earned income and not exempt the monies under 20 C.F.R. § 416.1124(c)(3) as unearned income, is supported by substantial evidence.

2. <u>Cost of Living Increase</u>.

---

[3] The Regulations define unearned income as "all income that is not earned income." 20 C.F.R. § 416.1120 (2004). Unearned income includes annuities, pensions, and other periodic payments; alimony and support payments; dividends, interest, and certain royalties; rents; death benefits; prizes and awards; gift and inheritance; and support and maintenance in kind. 20 C.F.R. § 416.1121 (2004).

Claimant also argues that the Appeals Council erred in finding that her spouse's cost of living increases are counted as part of her income in computing her monthly benefit payment. (Pl.'s Br. at 10-13.) She argues that she never realizes the increase because her spouse's cost of living increase reduces her monthly SSI payment. (Id.) The Commissioner asserts that Claimant's argument is without merit. (Def.'s Br. at 9-10.)

The Court agrees with the Commissioner and finds that Claimant's argument reflects her misunderstanding of the nature of the SSI program. The SSI program is a public welfare assistance program in which as countable income increases, the claimant's monthly SSI payment decreases. See 20 C.F.R. § 416.1100 (2004). As stated above, in determining the amount of the monthly SSI payment, the Agency considers the income of the claimant's ineligible spouse and deems it together with the claimant's income. 20 C.F.R. §§ 416.1163(a)(1), 416.1163(d)-(e) (2004). Earned income includes wages and salaries, and salaries include cost of living increases. 20 C.F.R. §416.1110(a) (2004). As the Appeals Council found, Mr. Jeroncic's increase in salary from the cost of living increase is deemed Claimant's income for purposes of calculating her monthly SSI benefit. See 20 C.F.R. § 416.1163 (2004). Accordingly, the Appeals Council's decision is supported by substantial evidence.

3. Reimbursement.

Claimant further argues that the Agency is obligated to reimburse her for the educational bonus and cost of living increases which were improperly deducted from her monthly benefit payment. (Pl.'s Br. at 13-15.) The Court has determined that the Agency correctly calculated Claimant's income based on Mr. Jeroncic's educational bonus and cost of living increases.

Accordingly, the Court finds that Claimant is not entitled to reimbursement and that her argument is without merit.

4. Fault.

Finally, Claimant argues that the Appeals Council erred in finding that she and her spouse were at fault in causing the $359.02 overpayment by not reporting her spouse's salary increases. (Pl.'s Br. at 2-8.) The Commissioner asserts that the Agency's waiver of the overpayment remains in effect, that the Agency has not attempted to collect the $359.02 overpayment, and therefore, Claimant's argument is moot. The Court accepts the Commissioner's statement that the waiver of the overpayment remains in effect, and therefore, finds that Claimant's argument is moot.

After careful consideration of the evidence of record, the Court finds that the Commissioner's decision was proper and supported by substantial evidence and is in accordance with the applicable law and Regulations. Accordingly, for the reasons set forth in this Memorandum Opinion and by the Judgment Order entered this day, the Plaintiff's Motion for Judgment on the Pleadings is **DENIED**, Defendant's Motion for Judgment on the Pleadings is **GRANTED**, the final decision of the Commissioner is **AFFIRMED** and this matter is **DISMISSED** from the docket of this Court.

The Clerk of this Court is directed to provide copies of this Memorandum Opinion to all counsel of record.

ENTER: September 25, 2006.

R. Clarke VanDervort
United States Magistrate Judge